SALT LAKE CITY, Respondent, *v.* HENRY WAGNER, Appellant.

1. Restraining Sale of Liquors, Etc.—W. was engaged in the sale of spirituous and fermented liquors within the limits of Salt Lake City as defined by the Territorial Legislature, but two or three miles remote from the settled portion of the city, there being no streets, lots or blocks in the neighborhood of his place of business. Whereupon the city authorities exacted of him a license fee of $100 per quarter, which he refused to pay. *Held*, That under a clause in the charter authorizing the city "to license. regulate and restrain" the sale of spirituous and fermented liquors within its limits, the city had no authority to exact such a fee or license, as the benefits to the parties in such cases must be reciprocal.

2. Local Governments.—A municipal corporation is one investing the people of a place with the local government thereof, and such government cannot be said to include a place of business remote from the settled portion of the city.

3. Police Powers of City.—A city, by reason of its general police powers, has no right to exact an exorbitant tax or license from a person engaged in the sale of spirituous and fermented liquors at a place remote from the settled portion of such city, when it appears that no police supervision was ever taken over such place other than to demand and collect such license or fee.

Appeal from the Third District Court.

*Baskin & De Wolfe*, for appellant.
No brief on file.

*Sheeks & Rawlins*, for respondent.
Under a grant of power to the Territorial Legislature "to legislate upon all rightful subjects of legislation," such legislature has the power to create municipal corporations and invest them with such powers as the legislature itself might exercise within their limits. 1 Dillon on Mun. Corp. § 18; *State* v. *Young*, 3 Kan. 445; *Burns* v. *Atchison*, 2 Kan. 454; *Vincennes University* v. *Indiana*, 14 How. 268; 1 Blackf. 80; *Myers* v. *Bank*, 20 Ohio, 283; *Deitz* v. *City*, 1 Col. 323.

Salt Lake City v. Henry Wagner.

The power to create a municipal corporation necessarily implies the power to fix its boundaries. 1 Dillon Mun. Corp. § 124; 8 Iowa, 82; 10 Wis. 262.

The place of the sale of the liquor by appellant is within the corporation limits of Salt Lake City, as fixed by the legislature. See Record. Charter of Salt Lake City, § 1; C. L. p. 699.

The city counsel has power, within the limits of the city, " to license, regulate or restrain the manufacture and sale of spirituous and fermented liquors. Charter, § 24; C. L. 703, to grant and issue licenses * * * and direct the fees to be paid therefor (charter, § 41); and, generally, to have exclusive authority to regulate the police of the city, and to enact and enforce all such ordinances and by-laws as may be necessary to carry into effect the powers specified, and for the health, safety and happiness of the inhabitants of said city, and for the peace, good order, regulation and cleanliness thereof." Charter, § 70.

Under these powers the question is raised (1) as to the validity of the ordinance upon which the prosecution of appellant was based, and (2) as to whether appellant's place of business being at a distance from the more settled portions of the city, he is properly subject to the provisions of said ordinance.

As to the first point the only question raised is this: Is the license fee of $100 per quarter which the ordinance required appellant to pay in order to carry on the business of vending ferment liquor reasonable? That the city council has authority in the exercise of its police powers to impose such a fee for the purpose of regulation or restriction of the business is shown by the following authorities: Cooley on Tax. 396, 403, 404, 409, 412; *Tenny, Chairman, etc.* v. *Lenz,* 16 Wis. 590, 140; *Smith* v. *City of Madison,* 7 Ind. 86; *Johnson* v. *Philadelphia,* 60 Pa. St. 445; *Ash.* v. *People,* 11 Mich. 347; *Burlington* v. *Ins. Co.,* 30 Iowa, 102; *Burch* v. *Savannah,* 42 Ga.

26

596; *Thompson* v. *State*, 15 Ind. 449; *Falmouth* v. *Watson*, 5 Bush. 660; 62 Pa. St. 491; 15 Ill. 58; 11 Mich. 43.

As to the signification of the word "restraint" see 2 Bouvier, 471; 7 Ind. 86; 16 Wis. 590. Under power " to restrain and prohibit," corporations held to have power to impose a license fee. 2 Mo. 113; *Commonwealth* v. *Patch*, 97 Mass. 221. See, also, 1 Dillon Mun. Corp. § 59.

Nor is appellant in a position to question the reasonableness of this license fee, he not having tendered a reasonable fee and demanded a license therefor. *Cincinnati* v. *Brayson*, 15 Ohio, 645.

As to the second point, that appellant is not subject to the ordinance because his business is carried on at a distance from the settled part of the city. This point is completely answered by the legislature in conferring upon the city the power to regulate or restrain the business within the limits of the corporation. To such legislation no constitutional inhibition applies. 1 Dillon Mun. Corp. § 93; 15 Ill. 588.

The power to tax property does not operate to exclude the power to tax other things. 11 Ohio St. 543; 18 Ohio St. 242.

BOREMAN, J., delivered the opinion of the court:

This cause was tried before a justice of the peace of Salt Lake City, and judgment was had against the defendant for $20, for violation of a city ordinance providing for licensing and regulating the manufacture and sale of spirituous and fermented liquors. The district court affirmed the judgment of the justice, and thereupon the defendant appealed to this court.

The appellant denies the right of the city to require him to take out a license and pay a charge of $100 per quarter for selling beer, his place of business being situated at a distance from the settled portions of the city.

The city required the defendant to pay it $100 per quarter. For this sum thus required of the defendant the city should grant an equivalent to defendant. It does not appear that any

such equivalent is granted. Simply under a clause, therefore, of the charter authorizing the city "to license, regulate and restrain" the business, the city is not authorized to exact the fee or duty specified, as the benefits to the parties must be reciprocal.

But it is claimed that such power is granted to the city as a part of its general police regulations. If, therefore, such power is "for the health, safety and happiness of the inhabitants of said city, and for the peace, good order, regulation and cleanliness thereof," (Charter § 70,) it has been granted.

A municipal corporation is "one investing the people of a place with the local government thereof." The "local government" cannot be said to include that which is not local, nor in any way concerns the "local" affairs.

As applicable to a case like the one at bar, the police regulations are to restrain the noxious use of private property or business to the injury of the people of the city, to whom it is a source of harm, interfering with the "health," "safety" or "happiness" of the inhabitants of said city, or the "peace, good order, regulation or cleanliness thereof."

As a general proposition, the sale of fermented liquors as a beverage is injurious to the public at large. It is not specially detrimental to a city over and above the general public, unless it be within the settled portions of the city or so near thereto as to cast its influence over the city more than over the public generally. The influence of the sale of intoxicating liquors at any point in the Territory is unwholesome to the public at large, but we could not be justified in saying that such influence was specially injurious to any particular locality unless it was contiguous or very nearly so to such locality. Unless we could say this we would not be justified in saying that the city could control it by reason of its general police owers.

The defendant's place of business was remote from the populated parts of Salt Lake City. The Camp Douglas military reservation, two miles square, lay between it and the settled parts

of the city, and no streets, lots or blocks are in the neighborhood of his place of business, but farming and grazing lands surround it, and the ground is no part of that embraced in the "town site" entry of the city. It does not appear that any supervision was taken over the place by the city except to claim the license fees or charges, and no bad effects of the business are shown to have extended to the city proper, and the locality is too remote for the court to conclude from the general bad character of the business that the bad effects extended more to the city than to the public generally.

The Kentucky case of *Falmouth* v. *Watson*, 5 Bush. 660, is the case mainly relied upon by the respondent. In that case it appears that the statute gave the city of Falmouth authority to control the business of selling intoxicating drinks within one mile of the city, and the court said that this law did not infringe any constitutional right, because the vending of ardent spirits was in such proximity to the town as to render its exercise liable to affect the good order or peace of the local community. But we do not think that said language could be used in the case at bar. It would be straining the law too much, but it would be necessary to say this in sustaining the judgment. We consider that the city would be affected as a part of the general public, and the general public had given him authority through the county courts, from which he held his license. We, therefore, do not feel justified in saying that the city had the right to exact the fees or charges specified, the place of business being too remote from the settled portion of the city.

The judgment of the district court is, therefore, overruled with costs.

SCHAEFFER, C. J., dissents, and reserves the right to file his opinion.

EMERSON, J., concurs.